**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-7071

DESI LAMONTE MCEACHIN,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Robert G. Doumar, Senior District Judge.
(CR-92-158, CA-96-960-2)

Submitted: July 28, 1998

Decided: August 20, 1998

Before WIDENER, MURNAGHAN, and HAMILTON,
Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Desi Lamonte McEachin, Appellant Pro Se.  Arenda L. Wright Allen,
Assistant United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

McEachin seeks to appeal the district court's order denying his motion filed under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998). McEachin filed this § 2255 motion on September 30, 1996, claiming that his firearms conviction under 18 U.S.C. § 924(c) (1994), should be overturned in light of the Supreme Court's decision in <u>Bailey v. United States</u>, 516 U.S. 137 (1995). The district court found that <u>Bailey</u> was not retroactively applicable to cases on collateral review and, in any event, McEachin's motion was time-barred under the one-year limitations period provided by the AEDPA.* We vacate on both grounds.

McEachin's conviction became final in March 1993. Pursuant to our recent decision in <u>Brown v. Angelone</u>, ___ F.3d ___, Nos. 96-7173, 96-7208, 1998 WL ___ (4th Cir. July 14, 1998), McEachin had until April 23, 1997, in which to file a timely motion. Accordingly, McEachin's motion was timely filed.

Second, in a recent opinion addressing the application of <u>Bailey</u> in a habeas proceeding challenging a guilty plea to a § 924(c) offense, the Supreme Court held that "it would be inconsistent with the doctrinal underpinnings of habeas review to preclude petitioner from relying on our decision in <u>Bailey</u> in support of [the petitioner's] claim that his guilty plea was constitutionally invalid." <u>See Bousley v. United States</u>, ___ U.S. ___, 66 U.S.L.W. 4346, 4347 (U.S. May 18, 1998) (No. 96-8516). The petitioner in <u>Bousley</u> did not raise his claim on direct review and failed to establish cause and prejudice for his default. <u>See Murray v. Carrier</u>, 477 U.S. 478, 485 (1986). The court held that he was nevertheless entitled to the opportunity to make a showing of actual innocence. <u>See Bousley</u>, 66 U.S.L.W. at 4348. Applying <u>Bousley</u> to this case, McEachin should be afforded the opportunity "to attempt to make a showing of actual innocence." <u>See id.</u>

_____

*Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214.

2

Accordingly, we grant a certificate of appealability and vacate and remand the case to the district court to address McEachin's claim on the merits. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

3